KILPATRICK TOWNSEND & STOCKTON LLP
Mehrnaz Boroumand Smith (State Bar No. 197271)
Gia L. Cincone (State Bar No. 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:      (415) 576-0200
Facsimile:       (415) 576-0300
Email: mboroumand@ktslaw.com
         gcincone@ktslaw.com

Attorneys for Plaintiffs
ORACLE CORPORATION and
ORACLE INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CRYPTO ORACLE, LLC, a Delaware limited liability company; CRYPTO ORACLE AL 1, LLC, a Delaware limited liability company; CRYPTOORACLE COLLECTIVE DAO LLC, a Marshall Islands limited liability company; LOUIS KERNER, an individual; and DOES 1 through 10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND DILUTION; UNFAIR COMPETITION UNDER FEDERAL AND CALIFORNIA LAW; CYBERSQUATTING; STATE TRADEMARK INFRINGEMENT AND DILUTION; BREACH OF SETTLEMENT AGREEMENT; AND CIVIL CONTEMPT OF INJUNCTION (INJUNCTIVE RELIEF SOUGHT)** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **REDACTED VERSION OF DOCUMENT FILED UNDER SEAL** |

## INTRODUCTION

1.      Oracle Corporation and Oracle International Corporation (collectively "Oracle") sued Crypto Oracle, LLC and its owner, Louis Kerner, in 2019 because they were using Oracle's famous ORACLE trademark as part of their "CryptoOracle" brand and using that brand to market cryptocurrency-related services to Oracle's own customers and users.  Crypto Oracle, LLC and Mr. Kerner agreed to a Court-ordered injunction ███████████████████████ which

1  required them and their agents to stop all use of ORACLE (in "CryptoOracle" and otherwise) and

2  remove all content from their website located at www.cryptooracle.io.

3        2.     This renewed lawsuit is necessary because Crypto Oracle, LLC and Mr. Kerner have

4  not only resumed their violation of Oracle's trademark rights, but are also egregiously and flagrantly

5  violating both the settlement agreement and the Court's injunction.  Crypto Oracle, LLC and Mr.

6  Kerner, together with two entities formed *after* the settlement agreement and injunction were in place

7  (Crypto Oracle AL 1, LLC and CryptoOracle Collective DAO LLC), have formed a new venture

8  under the name "CryptoOracle Collective," using the stylized logo shown below; are operating a new

9  website at www.cryptooracle.io, one of the domain names they expressly agreed to give up; and are

10  hosting and promoting cryptocurrency-related events under the "CryptoOracle Collective" name in

11  this District and throughout the world.



16   Oracle is forced to once again to seek relief in this Court in order to obtain the Court's assistance in

17  enforcing the agreement and injunction and recovering the damages that Defendants previously agreed

18  were warranted.

19        3.     In 2019, in order to protect its brand, Oracle filed suit to stop Crypto Oracle, LLC and

20  Mr. Kerner from using their "CryptoOracle" brand to market a variety of consulting, educational event

21  planning, and related services to Oracle's customers and users who operated or had interest in the

22  cryptocurrency field, thus threatening to mislead the public and deprive Oracle of its right to control

23  its own brand within an important, emerging sector of its technology business.  Mr. Kerner had gone

24  so far as to apply to register CRYPTOORACLE as a trademark for business and financial consulting

25  services in the field of cryptocurrency.

26        4.     The parties eventually entered into a confidential settlement agreement as well as a

27  consent judgment. ████████████████████████████████████████

28  ████████████████████████████████████████████

1 ████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ██████████████████████████████████████

5 ████████████████████████████████████████████

6 ███████████████████████████████████████████

7 ████████████████████████████████████████

8 ████

9        5.        This Court also entered a Final Judgment and Permanent Injunction in 2020 that

10 prohibited Crypto Oracle, LLC and Mr. Kerner, again along with related parties and agents, from

11 using any reproduction of the ORACLE trademark or any confusingly similar words or symbols.  The

12 injunction provided that any defendant found to be in contempt would owe Oracle a liquidated penalty

13 in an amount no less than $10,000.  The judgment also stated, again, that if Oracle commenced an

14 action for enforcement, the prevailing party would be awarded reasonable attorneys' fees and costs for

15 both the enforcement action and the underlying litigation.

16        6.        Despite these clear prohibitions, Crypto Oracle, LLC and Mr. Kerner, along with newly

17 formed entities Crypto Oracle AL 1, LLC and CryptoOracle Collective DAO LLC (collectively

18 "Defendants"), have resumed their use of the CRYPTOORACLE name at one of the domains they

19 agreed to stop using, as well as on a number of social media accounts.  Given their complete disregard

20 of this Court's injunction as well as their contractual obligations, Oracle brings this action for

21 enforcement of both the Final Judgment and the settlement agreement, as well as vindication of

22 Oracle's trademark rights under federal and California law.

### NATURE OF ACTION

24        7.        Plaintiffs Oracle Corporation and Oracle International Corporation seek injunctive

25 relief and damages against Defendants Crypto Oracle, LLC, Crypto Oracle AL 1, LLC, CryptoOracle

26 Collective DAO LLC, and Louis Kerner for Defendants' willful infringement and dilution of the

27 ORACLE trademark and unfair competition under the Lanham Act, Title 15, United States Code, §

28 1051 *et seq*. (the "Lanham Act"); infringement, dilution and unfair competition under California

Business & Professions Code §§ 14200 and 17200, *et seq.* and the common law; cybersquatting;

breach of the parties' settlement agreement; and civil contempt of the permanent injunction entered by

this Court.

8.    Plaintiff Oracle Corporation ("OC"), one of the world's foremost providers of network

computing hardware, computing systems, computer software, services and solutions and a leading

developer of enterprise and Internet-based products and technologies, is a Delaware corporation with

its principal place of business in Austin, Texas.  Oracle offers a comprehensive and fully integrated

stack of cloud applications and cloud platform services.  It is a licensee in the United States of the

ORACLE marks at issue in this case.  OC is also the owner and registrant of the Internet domain name

www.oracle.com.

9.    Plaintiff Oracle International Corporation ("OIC") is a California corporation, having

its only place of business in Redwood City, California.  OIC is a direct, wholly owned subsidiary of

Oracle Corporation and the owner of the ORACLE marks.  Plaintiffs OC and OIC are collectively

referred to as "Oracle."

10.    Oracle owns numerous registrations in the United States and worldwide for the

ORACLE marks.  Oracle uses its ORACLE marks in connection with its wide array of software

applications and solutions.  Among those offerings, Oracle uses the ORACLE brand to promote and

commercialize the Oracle Blockchain Platform, its blockchain platform-as-a-service (PaaS) for secure,

decentralized transactions and records.  Oracle also uses its ORACLE mark to brand and promote

conferences, seminars, trade shows, and other events, such as its annual conference Oracle

CloudWorld (previously known as Oracle OpenWorld), which include informational, educational and

networking programming across the spectrum of Oracle's services and business offerings, including in

relation to Oracle's blockchain services.  As a result of its extensive use of the ORACLE marks,

Oracle has developed tremendous goodwill in the ORACLE brand.  Indeed, Oracle consistently ranks

in the top 20 of brand-ranking lists: Oracle ranked #16 in Forbes' 2020 The World's Most Valuable

Brands Report and #18 in Interbrand's 2024 Best Global Brands Report.

11.    On information and belief, Defendant Crypto Oracle, LLC is a Delaware limited

liability company founded in 2017 with its principal place of business in Wayne, New Jersey.

Further on information and belief, CryptoOracle is currently doing business under the name CryptoOracle Collective (the "Collective"). According to its website at http://www.cryptooracle.io, the Collective was founded in July 2022. The Collective purports to provide "world class consulting services to leading web3 projects" and promotes its services on the Internet as well as various social media accounts. Crypto Oracle, LLC's affiliation with the Collective is shown in the below screenshot of the Collective Twitter account, which was active as recently as April 2023:



12.    On information and belief, Defendant Crypto Oracle AL 1, LLC is a Delaware limited liability company founded in June 2023 with its principal place of business in Wayne, New Jersey at an address affiliated with Defendant Louis Kerner. Further on information and belief, Crypto Oracle AL 1, LLC is affiliated with the CryptoOracle Collective described above.

13.    On information and belief, Defendant CryptoOracle Collective DAO LLC is a Marshall Islands limited liability company registered in November 2023 with its principal place of business in Majuro, Marshall Islands. Further on information and belief, CryptoOracle Collective DAO LLC is affiliated with the CryptoOracle Collective described above. The registered address for CryptoOracle Collective DAO LLC is listed on the CryptoOracle Collectives website at www.cryptooracle.io under the heading "Our Office."

14.    On information and belief, Defendant Louis Kerner is an individual domiciled in Wayne, New Jersey. On the CryptoOracle website and elsewhere, Mr. Kerner is identified as the Co-

Founder of the CryptoOracle Collective from April 2022 to the present day.

15.     Oracle does not know the true names and capacities of the Defendants named as "Does" herein.  Oracle is informed and believes and on that basis alleges that each of the Doe Defendants is legally liable and responsible, directly, indirectly, contributorily, and/or vicariously, for the matters alleged in this Complaint.  Oracle will seek leave to amend this Complaint to show the true names and capacities of the Doe Defendants when they become known.

16.     Oracle is informed and believes and on that basis alleges that at all times mentioned in this Complaint, each of the Defendants, including Does 1 through 10, was the agent or principal or both for one another, was acting within the scope of such agency when engaging in the conduct alleged in this Complaint, and are jointly and severally liable for all damages and profits arising from the conduct described in this Complaint.

17.     Defendants use the ORACLE mark in their business names and the CryptoOracle Collective name, the domain name www.cryptooracle.io and the website located at that domain, and various social media accounts in connection with services that overlap with and are related to goods and services offered by Oracle.  Defendants' addition of the descriptive terms "crypto" and "collective" does nothing to distinguish the marks, but rather suggests that Defendants are affiliated with and/or sponsored or endorsed by Oracle.  Defendants' branding of their own services with the ORACLE mark is likely to confuse consumers as to the source of Defendants' services and dilute Oracle's famous ORACLE mark.  Unless Defendants are enjoined from continuing to use Oracle's mark to promote their services, the ORACLE mark will continue to be infringed and diluted, thereby eroding the goodwill and distinctive quality of a mark that Oracle has developed for over forty years.

18.     Defendants' activities, in addition to violating Oracle's trademark rights and competing unfairly with Oracle, also violate the prior settlement agreement between the parties as well as the Final Judgment and Permanent Injunction entered by this Court.  Defendants must be enjoined from any further violation of the agreement and injunction, and by their terms, are liable to Oracle for damages and penalties as well as Oracle's reasonable attorneys' fees and costs both for this action and for the underlying trademark litigation between the parties that gave rise to the Court's injunction.

**JURISDICTION AND VENUE**

19.     This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d) *et seq.*, and related claims under California statutory and common law.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the state law issues pursuant to 28 U.S.C. § 1367.

20.     This Court has personal jurisdiction over Crypto Oracle, LLC because it conducts business in and directs acts toward California and within this District.  For example, the CryptoOracle Collective promotes, organizes and runs events – including "CryptoMonday" educational and networking events – within this District, including in San Francisco and Palo Alto.  These CryptoMonday events are promoted as "presented" or "hosted" by CryptoOracle.  Below is a recent example of promotion of such an event:



The Collective's website displays and uses the infringing CryptoOracle mark and allows visitors – including those in this District – to sign up for its services and join its "community."  On information and belief, CryptoOracle targets individuals in this District – renowned as the home of some of the country's most innovative and important technology companies, their founders and employees – for inclusion in the CryptoOracle "community."  CryptoOracle's conduct within or directed toward

1    California and this District has caused Oracle injuries in this District.

2        21.    The Court has personal jurisdiction over Mr. Kerner because of Mr. Kerner's position

3    as the founder of the CryptoOracle Collective and his acts within and directed toward this District.

4    Mr. Kerner is active online and publishes content on social media while using and displaying the

5    infringing CryptoOracle mark.  Examples of Mr. Kerner's infringing uses and acts directed to

6    California and this District are shown below.



27   Mr. Kerner's continued acts directed toward and within California have caused and will continue to

28   cause Oracle harm in this District.

22.    This Court also has personal jurisdiction over Defendants ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████

23.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) as the claims arise in this District and Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

24.    Intradistrict assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## ORACLE'S VALUABLE TRADEMARK RIGHTS

25.    Oracle is one of the world's largest technology companies, with annual revenues of more than $50 billion.  Oracle offers and sells a variety of technology products and services under Oracle's famous ORACLE mark and large family of ORACLE-formative marks.  Oracle designs, develops, markets and supports computer software products with a wide breadth of uses, including database management, applications, development tools, computer-aided systems engineering, decision support, computer network communications, end user applications, and office automation.  Oracle's software can be deployed by customers on-premise in the customer's data center or in the cloud. Oracle also sells computer and software education, training, and related printed and electronic texts and services.  Oracle provides consulting, training and maintenance in support of its customers' use of its products, information and communication services pertaining to networks and computer products, and computer-related printed material.  Oracle's products can be found in nearly all industries and in the offices of most of the world's largest and most successful businesses.  Oracle advertises and sells its products and services throughout the United States and the world.

26.    Since at least as early as June 15, 1979, Oracle has continuously and extensively promoted, offered and distributed its computer-related goods and services in interstate commerce under the ORACLE mark.

27.    Oracle is the owner of a large family of trademarks comprised, in whole or in part, of the word mark ORACLE and used in connection with Oracle's computer-related goods and services, which all have been used in commerce for many years.  Many of these trademarks are federally registered on the Principal Register, including the following:

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| **ORACLE** | 1,200,239<br><br>July 6, 1982 | Class 9:  Downloadable computer programs for database management<br><br>Class 16:  Introductory Manuals, User Manuals and Guides for Operation of Computerized Data Based Management Systems. | June 1979 |
| **ORACLE** | 1,555,182<br><br>Sept. 5, 1989 | Class 41: Educational services, namely conducting classes and seminars in the field of computers and computer software used for database management purposes.<br><br>Class 42: Consulting services in the field of computer software used for database management purposes. | June 1986 |
| **ORACLE** | 2,107,556<br><br>Oct. 21, 1997 | Class 35: Analysis and consulting services in the field of business information management, namely business analysis, business enterprise modeling, and business information organization; licensing software.<br><br>Class 36: Financing and credit services in the fields of computer software and hardware, computer related printed material, and computer related technical support, education and consulting; analysis and consulting services in the fields of finance, insurance, monetary affairs and real estate.<br><br>Class 42: Computer software and database design for others; computer hardware, software, and network analysis and consultation in the fields of finance, insurance, monetary affairs, real estate, and business information management. | June 1986 |
| **ORACLE** | 2,040,313<br><br>Feb. 25, 1997 | Class 38: Broadcasting and communication services, namely, providing a computer network for delivery of computer programs, graphics, text, and other data and information. | March 1993 |
| **ORACLE** | 3,619,756<br><br>May 12, 2009 | Class 41: Providing stadium facilities for sports and entertainment; arranging and conducting athletic competitions; entertainment in the nature of sporting events and athletic competitions; entertainment in the nature of live performances by a musical band, dance performances, orchestral performances; planning arrangement of electronic lighting; providing information in the field of sports and entertainment by means of the internet, telephone and digital transmission. | November 2006 |
| **ORACLE** | 3,893,045<br><br>Dec. 21, 2010 | Class 9: Computer hardware; computers. | December 2008 |
| **ORACLE** | 4,102,532<br><br>Feb. 21, 2012 | Classes 9: computer peripherals; computer data storage devices, namely, magnetic tape drives, blank USB flash drives, computer disk drives, blank digital data storage media, blank data storage tape; integrated computer hardware and computer operating software; computer hardware with preinstalled computer operating software; computer servers; computer processors and memory, microprocessors, central processing units, circuit boards, and integrated circuits; a full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, | 1984 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | forecast, present and display data and information from computer databases, applications and the internet, and for the development, analysis, management, integration, deployment, virtualization and maintenance of computer software and hardware; database software to manage, monitor, track and organize data; computer software applications to manage, monitor, track and organize data, namely, web services software, application server software, business intelligence software, internet and intranet portal software, computer software to automate data warehousing, content management software, telephony software, fax messaging software, electronic mail software, electronic messaging software, scheduling software, social networking software, wireless communications software, operating system software, computer utility software, computer networking software, security and identity management software, virtualization software, cloud computing software, voice enablement software, computer programs for use in developing and executing other computer programs on computers, computer networks, and global communications networks; computer software applications to manage, monitor, track and organize data in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, health sciences, education, communications and telecommunications, call centers, customer relationship management, public sector administration, public and private utilities, transportation, insurance, processing, analysis and management of financial transactions, governance, risk and compliance management, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business process outsourcing, business consolidation management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning.

Class 16: printed materials, namely books, pamphlets, user manuals, instruction manuals concerning computer software, computers and related topics.

Class 41: seminars, courses and workshops in the fields of computers, computer hardware, computer programming, and computer software; seminars, courses and workshops in the fields of design, development, analysis, implementation, management, integration, deployment, maintenance, updating and repair of computer hardware and software; seminars, courses and workshops in the field of technical support services for computer hardware and software; seminars, courses and workshops in the fields of testing, analysis and evaluation of the goods and services of others for the purpose of certification; seminars, courses and workshops in the field of computer database development; seminars, courses and workshops in the fields of design, creation, hosting, maintenance, operation and management of internet web sites; seminars, courses and workshops in the field of on-line trading to facilitate the sale and purchase of goods and services by others; seminars, courses and workshops in the field of providing a wide range of general interest information via the Internet.

Class 42: computer services, namely, consultation in the field of computer software, computers and computer hardware; programming, design, development, implementation, maintenance, updating and repair of computer software for others; leasing and rental of computer software; hosting of computer software; computer database development services; creating websites for others; design, creation, hosting and maintenance of web sites for others; consultation services and providing technical assistance related to the design, creation, hosting, maintenance, operation, and management of web sites for others; technical support services for computer software, namely, providing updates, upgrades, patches, fixes and technical documentation; providing information via the internet in the fields of computers, computer hardware, computer programming, and computer software. | |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| ORACLE | 4,363,243<br><br>July 9, 2013 | Classes 9: computer mouse pads.<br><br>Class 16: blank writing books, pen and pencil sets, mechanical pencils, pens.<br><br>Class 18: wallets, umbrellas, traveling bags, messenger bags, sports bags, duffel bags, athletic bags, book bags, hard-sided and soft-sided carry-on bags.<br><br>Class 21: drinking glasses and mugs.<br><br>Class 24: blanket throws.<br><br>Class 28: toys, namely, mechanical; sporting goods, namely, golf balls, golf ball markers.<br><br>Class 41: entertainment services in the nature of sailboat racing and exhibitions. | 1984 |
| ORACLE | 3,030,079<br><br>Dec. 13, 2005 | Class 25: Clothing, namely, shirts, sweatshirts, jackets and caps. | July 1980 |
| ORACLE (Stylized) Logo<br><br>ORACLE | 2,997,144<br>Sept. 20, 2005 | Class 9: A full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases and the internet, and for the development, analysis, management, integration, deployment and maintenance of computer software; web services software, application server software, database software, business intelligence software, internet and intranet portal software, data warehousing software, content management software, online trading software, online training software, telephony software, fax messaging software, electronic mail software, scheduling software, wireless communications software, and voice enablement software; computer software applications in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, education, communications and telecommunications, call centers, public sector administration, public and private utilities, processing, analysis and management of financial transactions, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business consolidation management, business risk management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning; and instructional manuals sold as a unit. | 1984 |
| ORACLE Bar Logo<br><br>ORACLE | 3,116,749<br><br>July 18, 2006 | Class 9: A full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases and the internet, and for the development, analysis, management, integration, deployment and maintenance of computer software; web services software, application server software, database software, business intelligence software, internet and intranet portal software, data warehousing software, content management software, online trading software, online training software, telephony software, fax messaging software, electronic mail software, scheduling software, wireless communications software, and voice enablement software; computer software applications in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, education, communications and telecommunications, call centers, public sector administration, public and private utilities, processing, analysis and management of financial transactions, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business consolidation management, business risk management, business quality management, business project management, business stakeholder- | 1984 |

COMPLAINT

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | shareholder relationship management, and strategic business, simulation, enterprise and resource planning; and instructional manuals sold as a unit. | |
| **ORACLE Bar Logo**  ORACLE | 3,192,864  Jan. 2, 2007 | Classes 16: Printed materials, namely books, pamphlets, user manuals, instruction manuals, newsletters and magazines concerning computer software, computers and related topics; pens; notepad holders.  Class 42: Computer services; namely, consultation in the field of computer software; programming, design, development, analysis, implementation, installation, management, integration, deployment and updating of computer software for others; dissemination, leasing and rental of computer software; leasing access to a full line of non-downloadable computer software; hosting of computer software for others; technical support services for computer software, namely problem troubleshooting; testing, analysis and evaluation of the goods and services of others for the purpose of certification; computer database development services; creating websites for others; design, creation, hosting and maintenance of web sites for others; information technology consultation services, namely providing technical assistance related to the design, creation, hosting, maintenance, operation, and management of web sites for others. | 1984 |
| **ORACLE** | 4,870,864  Dec. 15, 2015 | Class 42: Hosting of computer software; leasing and rental of computer hardware and computer peripherals; leasing access to computer hardware and computer peripherals; computer services, namely, providing access to non-downloadable computer software; computer services, namely, providing computer software, platforms, infrastructure, databases and data as a service; computer services, namely, providing cloud computing services in the following fields: a full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases, applications and the internet, and for the development, analysis, management, integration, deployment, virtualization and maintenance of computer software and hardware; database software to manage, monitor, track and organize data; computer software applications to manage, monitor, track and organize data, namely, web services software, application server software, business intelligence software, internet and intranet portal software, computer software to automate data warehousing, content management software, telephony software, fax messaging software, electronic mail software, electronic messaging software, scheduling software, social networking software, wireless communications software, operating system software, computer utility software, computer networking software, security and identity management software, virtualization software, cloud computing software, voice enablement software, and computer programs for use in developing and executing other computer programs on computers, computer networks, and global communications networks. computer software applications to manage, monitor, track and organize data in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, health sciences, education, communications and telecommunications, call centers, customer relationship management, public sector administration, public and private utilities, transportation, insurance, financial transaction processing, analysis and management, governance, risk and compliance management, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business process outsourcing, business consolidation management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning. | December 1999 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| **ORACLE OPENWORLD** | 3,031,543<br>Dec. 20, 2005 | Class 35:  Conducting trade shows and exhibitions in the fields of computers, computer software, computer peripherals, computer networking, technology planning, business management, and product demonstrations.<br>Class 41:  Conducting educational conferences, seminars, speeches, and entertainment, namely live and audio-visual presentations, all in the fields of computers, computer software, computer peripherals, computer networking, technology planning, and business management. | September 1997 |

A number of registrations for the ORACLE marks, including U.S. Registration Nos. 2,107,556 (registered October 21, 1997); 2,997,144 (registered September 30, 2005); 3,116,749 (registered July 18, 2006); 4,102,532 (registered February 21, 2012); and 4,870,864 (registered December 15, 2015), cover analysis and/or consulting services related to financial transactions.  Additionally, U.S. Trademark Registration No. 5,924,786 (registered December 3, 2019), covers blockchain PaaS and related services.  Many of these registrations have become incontestable.  Attached hereto as Exhibit A are true and correct copies of the federal trademark registrations issued for these and the other trademarks listed in the chart above, all of which are in full force and effect.  Together, these registered rights and Oracle's common law rights in its family of ORACLE-formative marks are referenced in this Complaint as the "ORACLE marks."

28.    Oracle has been using the ORACLE trademark continuously for decades in connection with goods and services that are identical or substantially similar to services offered by Defendants, namely financial and business consulting services related to financial transactions.  Moreover, Oracle has used its ORACLE, ORACLE OPENWORLD, and ORACLE CLOUDWORLD trademarks for more than a decade to brand educational services, seminars, courses, workshops and other programming that provides networking opportunities to the technology field.

29.    As a worldwide leader in technology solutions, Oracle's resources, infrastructure, technology, and expertise allowed Oracle to become an early adopter and provider of blockchain solutions and products to its customers, including those customers in the banking, technology, and finance industries.  Blockchain, which is a type of distributed ledger technology, is probably best-known as the technology behind cryptocurrency, *i.e.*, digital *currency* built with *crypto*graphic

protocols that make transactions secure and difficult to fake.  Likewise, cryptocurrency is probably the most well-known use of blockchain.  Among many consumers, blockchain technology and cryptocurrency go hand-in-hand, though blockchain has numerous other applications beyond cryptocurrency, such as intercompany financials, purchasing contracts, service-level agreements, royalties tracking, and government certificates, as well as distribution, property, asset, and electronic health records.

30.    Given Oracle's business, one particular advantage Oracle offers against its competitors is the seamless integration of blockchain with Oracle's existing and trusted systems and applications.  Further, through extensive marketing, advertising, promotion and commercial use of the marks, Oracle has developed goodwill in the ORACLE marks, conferring substantial common law rights in the name and marks long before Defendants' unlawful adoption of the CryptoOracle name for services that overlap with Oracle's own offerings.

31.    Like many of its offerings, Oracle uses the ORACLE marks in connection with these blockchain solutions, products and services, such as the Oracle Blockchain Platform.  Attached as Exhibit B is a copy of the Oracle Blockchain Platform main web page.  The Oracle Blockchain Platform, blockchain products and services are important to Oracle's growth and offerings.

32.    Oracle is also the owner of the domain name www.oracle.com and has a longstanding and well-known presence on the Internet.  Oracle first registered the domain name www.oracle.com on December 2, 1988, and has used the domain continuously since that time.  The www.oracle.com website has been used to promote Oracle products and services, to provide a wide range of information about the company and its products, to provide customer support, and, since at least 1995, to offer online sales of Oracle software products and services.

**PUBLIC RECOGNITION, GOODWILL AND FAME OF ORACLE'S TRADEMARKS**

33.    During the more than forty years that Oracle has been continuously using the ORACLE mark in interstate commerce for its goods and services, it has sold many billions of dollars of goods and services under the ORACLE marks.  Oracle has spent millions of dollars marketing its goods and services under the ORACLE marks in a variety of media, including but not limited to television, a wide variety of both general circulation and specialized print media, billboards, trade shows and via

1    the Internet.  In that time, the goods and services offered by Oracle under the ORACLE marks have

2    been the subject of numerous articles in general circulation newspapers and magazines, as well as

3    radio, television and Internet broadcasts.

4    34.    Oracle has invested considerable resources advertising the ORACLE marks nationwide

5    and worldwide for more than four decades.  As a result of this continuous and substantial effort and

6    expense, and due to the quality of its goods and services, Oracle enjoys a reputation as one of the best-

7    known and most innovative technology companies in the world.

8    35.    As a result of the use and advertising described in the foregoing paragraphs, the

9    ORACLE marks possess secondary meaning in the minds of the consuming public nationwide and

10   worldwide as identifying Oracle's goods and services and being associated with Oracle exclusively.

11   36.    The ORACLE trademark became famous and distinctive well before Defendants began

12   using the copycat CryptoOracle name.  It is well known and among Oracle's most valuable assets.

13                              **DEFENDANTS' WRONGFUL ACTS**

14   37.    Long after the ORACLE trademark became famous, and after Oracle established rights

15   at common law and through registrations covering its ORACLE marks, Defendants adopted the

16   infringing CryptoOracle designation as a business name and brand and registered a set of domain

17   names containing the mark.  On information and belief, Defendants intentionally incorporated the

18   ORACLE trademark in the CryptoOracle business name and brand in order to trade on Oracle's

19   reputation as an innovator and leader within the technology industry, and to evoke among consumers

20   the goodwill that Oracle has built in its own famous brand.

21   38.    Defendants registered and used a set of domain names that incorporated the infringing

22   and diluting CryptoOracle name, including www.cryptooracle.io, www.cryptooracle.co,

23   www.cryptooracle.fund, and www.cryptooraclefund.com.  Defendants registered and used these

24   domain names in bad faith, with the intent, on information and belief, to lead the public to the

25   erroneous conclusion that the domain names and corresponding websites offered services that

26   originated with and/or were sponsored, endorsed, and/or authorized by Oracle.

27   39.    In addition to the registration and use of infringing domain names, Mr. Kerner filed a

28   trademark application for CRYPTOORACLE (Serial No. 88242342) for business consulting services

1    and financial consultation in the field of cryptocurrency.

2        40.    Promptly upon learning of Defendants' conduct described above, Oracle notified

3    Defendants, through cease and desist correspondence, that the CryptoOracle name violated Oracle's

4    intellectual property rights and explained Oracle's concerns about inevitable confusion and dilution

5    and the impact on Oracle's brand.  Oracle requested that Defendants cease use of the CryptoOracle

6    name and any other names that reproduced the ORACLE mark.  Defendants' response – including Mr.

7    Kerner's application to register CRYPTOORACLE despite actual notice of Oracle's registered and

8    common law trademark rights – led Oracle to file a lawsuit against Defendants for violation of

9    Oracle's trademark rights under federal and state law.  That lawsuit was titled *Oracle Corp., et al. v.*

10    *Crypto Oracle, LLC, et al.*, N.D. Cal. Case No. 3:19-cv-04900-JCS (the "Prior Lawsuit").

11        41.    The Prior Lawsuit was eventually resolved by means of a confidential Settlement

12    Agreement which is attached to this Complaint as Exhibit C (the "Agreement").  In addition, this

13    Court entered a Final Judgment and Permanent Injunction on February 19, 2020, which is attached to

14    this Complaint as Exhibit D (the "Injunction").

15        42.



27        43.    The Injunction prohibited Defendants along with their affiliates and agents from using

28    any reproductions of the ORACLE marks or any words or symbols confusingly similar to the

ORACLE marks, otherwise infringing or diluting the ORACLE marks or competing unfairly with Oracle in any manner, or assisting, aiding or abetting any person or entity in doing so.  Any judgment of contempt would result in a liquidated penalty of no less than $10,000 "plus any other non-duplicative penalties or damages arising from the contempt."  If Oracle commenced an action for enforcement, the prevailing party would be awarded reasonable attorneys' fees and costs for both the enforcement action and the Prior Lawsuit.

44.    Despite these clear prohibitions, Defendants have resumed their use of, or began using, CRYPTOORACLE as well as the stylized version shown below, in connection with an apparently new venture called the "CryptoOracle Collective".  The Collective describes itself as "the leading Web3 advisory service, scaling exceptional projects building the future of the ecosystem."  The Collective offers advisory services including legal, business development, investor relations, and growth under the CryptoOracle name as well as the stylized version shown below:



45.    Defendants promote the Collective's services on the same domain ███████████████ ████████  https://www.cryptooracle.io/, as well as a number of social media pages as shown below and in Exhibit E to this Complaint:



COMPLAINT                                                                                          - 18 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





46.    These egregious violations of the Agreement and the Injunction also constitute violations of Oracle's trademark rights as well as unfair competition.

47.    Defendants' use of the CryptoOracle name incorporates the ORACLE trademark in its entirety, adding only the descriptive term "crypto" and in some uses, the descriptive term "collective." The CryptoOracle name is therefore highly similar in appearance, sound and commercial impression to Oracle's ORACLE marks.

48. Defendants use the CryptoOracle name to advertise, market, offer and sell services that are identical or closely related to the goods and services that Oracle offers and has offered under its ORACLE marks continuously for many years.

49. Defendants market their services to similar customer groups and through the same or related channels of trade as those through which Oracle offers and sells its goods and services.

50. In addition to confusing and misleading consumers and the public, Defendants' use of the CryptoOracle name, if left unchecked, will inevitably dilute the distinctive quality of the famous ORACLE trademark, impairing Oracle's ability to use its mark to inform consumers that it is the source of its goods and services, and otherwise injuring Oracle's reputation and that of the ORACLE trademark.

51. Oracle is entitled to the liquidated damages provided in ████████████ the Injunction, as well as attorneys' fees and costs for this action as well as the Prior Lawsuit. In addition, Defendants' conduct constitutes an ongoing threat to Oracle and the public. Unless Defendants are restrained and enjoined from engaging in this conduct, Oracle will suffer irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Oracle adequate relief for the acts of Defendants, present and threatened, and Oracle's remedy at law is not adequate in and of itself to compensate them for said harm and damage.

## FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF REGISTERED TRADEMARKS
#### (15 U.S.C. § 1114; Lanham Act § 32)

52. Oracle incorporates by reference the allegations in paragraphs 1 through 51 above, as though they were fully set forth in this Claim.

53. Defendants' use of CryptoOracle, including without limitation in the domain name https://www.cryptooracle.io/ and the name "CryptoOracle Collective," and any other terms, marks and domain names that are confusingly similar to the ORACLE marks, constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary damages pursuant to 15 U.S.C. § 1117(a). Oracle is also entitled to injunctive relief prohibiting Defendants from using CryptoOracle as well as any other marks, tradenames, domain names or other

identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE marks under 15 U.S.C § 1116(a).  Without injunctive relief, Oracle has no means by which to prevent the continuing injury to its reputation and goodwill.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE marks and its reputation and associated goodwill is damaged through the false and unauthorized use of its marks.

55.     Because Defendants' actions have been willful, malicious and intentional, this is an exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER FEDERAL LAW**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

56.     Oracle incorporates by reference the allegations in paragraphs 1 through 55, above, as though they were fully set forth in this Claim.

57.     Upon information and belief, Defendants deliberately chose the CryptoOracle name to be confusingly similar to the ORACLE marks and, as such, their use of CryptoOracle in commerce constitutes a willful and deliberate false designation of origin and false deception, as well as unfair competition with Oracle and an attempt to palm off or permit others to palm off Defendants' services as those of Oracle.

58.     Defendants' use of the CryptoOracle name is likely to cause confusion, mistake, and deception to the public, and to lead consumers to the erroneous impression that Defendants or their services originate with, or are endorsed or sponsored by, or affiliated with Oracle, or that there is some association between Oracle and its goods and services and Defendants and their services.

59.     Defendants' conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

60.     Defendants' acts have caused, are causing, and—unless enjoined—will likely continue to cause, irreparable harm and injury to Oracle's business, reputation, and good will.  Such acts are and have been willful and malicious, carried out with full knowledge that such acts are in violation of

1  the law and will irreparably harm Oracle.

2  61.    As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary

3  damages pursuant to 15 U.S.C. § 1117(a).  Oracle is also entitled to injunctive relief prohibiting

4  Defendants from using CryptoOracle or any other marks, tradenames, domain names or other

5  identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the

6  ORACLE marks under 15 U.S.C § 1116(a).  Without injunctive relief, Oracle has no means by which

7  to control the continuing injury to its reputation and goodwill and that of its ORACLE marks.  Oracle

8  has been and will continue to be irreparably harmed.  No amount of money damages can adequately

9  compensate Oracle if it loses the ability to control the use of the ORACLE mark and its reputation and

10 associated goodwill is damaged through the false and unauthorized use of its marks.

11 62.    Because Defendants' actions have been willful, malicious and intentional, this is an

12 exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages,

13 trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham

14 Act, 15 U.S.C. § 1117(a).

15
16
**THIRD CLAIM FOR RELIEF**
**TRADEMARK DILUTION UNDER FEDERAL LAW**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

17 63.    Oracle incorporates by reference the allegations in paragraphs 1 through 62 above,

18 as though they were fully set forth in this Claim.

19 64.    Oracle's ORACLE trademark is distinctive and famous within the meaning of the

20 Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and became famous before

21 Defendants' first use of CryptoOracle, which incorporates the ORACLE trademark in its entirety.

22 65.    Defendants' conduct is likely to cause dilution of the ORACLE trademark by

23 diminishing its distinctiveness and/or tarnishing its reputation in violation of the Trademark Dilution

24 Revision Act of 2006, 15 U.S.C. § 1125(c).

25 66.    As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary

26 damages pursuant to 15 U.S.C. § 1117(a).  Oracle is also entitled to injunctive relief prohibiting

27 Defendants from using CryptoOracle or any other marks, tradenames, domain names or other

28 identifiers that contain the ORACLE trademark or any other terms that are substantially similar to the

1    ORACLE trademark under 15 U.S.C § 1116(a).  Without injunctive relief, Oracle has no means by

2    which to control the continuing injury to its reputation and goodwill or of the continuing dilution of

3    the ORACLE trademark.  Oracle has been and will continue to be irreparably harmed.  No amount of

4    money damages can adequately compensate Oracle if it loses the ability to control the use of the

5    ORACLE trademark and its reputation and associated goodwill are damaged through the false and

6    unauthorized use of its mark.

7        67.    Because Defendants' actions have been willful, malicious and intentional, this is an

8    exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages,

9    trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham

10   Act, 15 U.S.C. § 1117(a).

11                          **FOURTH CLAIM FOR RELIEF**
                    **BAD FAITH REGISTRATION AND USE OF DOMAIN NAME**
12                            **(15 U.S.C. § 1125(d))**

13       68.    Oracle incorporates by reference the allegations in paragraphs 1 through 67 above,

14   as though they were fully set forth in this Claim.

15       69.    Oracle is the owner of the famous ORACLE trademark and the owner of incontestable

16   trademark registrations for the ORACLE marks.

17       70.    The ORACLE marks are distinctive and have become associated indelibly with Oracle

18   as a result of Oracle's extensive advertising, promotion, use, and sale of goods and services under the

19   ORACLE marks, and their widespread recognition by the public.

20       71.    On information and belief, Defendants are the registered owner(s) and the user(s) of the

21   domain name https://www.cryptooracle.io/ which is substantially identical and confusingly similar to

22   the ORACLE marks.

23       72.    Defendants registered the domain name https://www.cryptooracle.io/ with a bad faith

24   intent to profit from the name, in violation of the Anticybersquatting Consumer Protection Act,

25   15 U.S.C. § 1125(d).

26       73.    Oracle is entitled to monetary damages, including statutory damages, and injunctive

27   relief prohibiting Defendants from using "Oracle" in any domain name pursuant to 15 U.S.C. §§

28   1117(a) and (d).  Without preliminary and permanent injunctive relief, Oracle has no means by which

to control the continuing injury to its reputation and goodwill or of the continuing dilution of the ORACLE mark. Oracle has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE mark and its reputation and associated goodwill is damaged through the false and unauthorized use of its mark. Oracle is entitled to injunctive relief prohibiting Defendants from using any domain names containing "Oracle" or any other terms that are likely to be confused with or to dilute the ORACLE mark and requiring Defendants to transfer any such domain names to Oracle.

74. Because Defendants' actions have been willful, malicious and intentional, this is an exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER CALIFORNIA STATUTORY LAW**
**(Cal. Bus. & Prof. Code §§ 14200 and 17200 *et seq*.)**

75. Oracle incorporates by reference the allegations in paragraphs 1 through 74 above, as though they were fully set forth in this Claim.

76. Oracle is the owner of numerous registrations for the ORACLE marks.

77. Oracle is the owner of common law rights for the ORACLE marks.

78. Defendants are using the CryptoOracle name without the consent of Oracle in connection with services that are related to the goods and services of Oracle.

79. Defendants' use of the CryptoOracle name, which incorporates the ORACLE trademark in its entirety, is likely to cause confusion, mistake, and deception as to the source of origin of those services.

80. Defendants are using the ORACLE marks to enhance the commercial value of their services.

81. Defendants' acts violate Oracle's trademark rights under California Business & Professions Code §§ 14200 *et seq*.

82.    Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200 *et seq*.

83.    Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE mark.  Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill or that of the ORACLE marks.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE marks and its reputation and associated goodwill is damaged through the false and unauthorized use of its mark.

84.    Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to recover lost profits together and trebled damages pursuant to California Business & Professions Code § 14250.

**SIXTH CLAIM FOR RELIEF**
**TRADEMARK DILUTION UNDER CALIFORNIA LAW**
**(Cal. Bus. & Prof. Code § 14247)**

85.    Oracle incorporates by reference the allegations in paragraphs 1 through 84 above, as though they were fully set forth in this Claim.

86.    Oracle owns valid and protectable rights in its registered ORACLE trademark, which became famous long before Defendants adopted or used the CryptoOracle name.

87.    Defendants' use of the CryptoOracle name – which incorporates the famous ORACLE trademark in its entirety – is likely to dilute the distinctive quality of Oracle's ORACLE trademark.

88.    Defendants' acts constitute trademark dilution under California Business & Professions Code § 14247.

89.    Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE trademark or any other terms that are likely to be confused with the ORACLE trademark.  Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and

goodwill or of the continuing dilution of the ORACLE trademark.  Oracle has been and will continue

to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses

the ability to control the use of the ORACLE trademark and its reputation and associated goodwill is

damaged through the false and unauthorized use of its mark.

90.     Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to

recover lost profits together and trebled damages pursuant to California Business & Professions Code

§ 14250.

**SEVENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**

91.     Oracle incorporates by reference the allegations in paragraphs 1 through 90 above,

as though they were fully set forth in this Claim.

92.     Oracle owns valid and protectable rights in its ORACLE marks at common law.

93.     Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to

the source of services offered by Defendants or as to affiliation, connection, association, sponsorship,

or approval of such services, and constitutes infringement of Oracle's ORACLE marks at common

law.

94.     Defendants infringed Oracle's ORACLE marks with knowledge and intent to cause

confusion, mistake, or deception.

95.     Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice

and conscious indifference to the rights and welfare of Oracle for which California law allows the

imposition of exemplary damages.

96.     Oracle has suffered damages as a direct and proximate result of Defendants' activities.

97.     Unless restrained and enjoined, the conduct of Defendants will further impair the value

of the ORACLE marks and Oracle's business reputation and goodwill.  Oracle has no adequate

remedy at law.

98.     Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants

from using any marks, tradenames, domain names or other identifiers that contain the ORACLE marks

or any other terms that are likely to be confused with the ORACLE marks.  Without injunctive relief,

COMPLAINT                                                                                                       - 26 -

1    Oracle has no means by which to control the continuing injury to its reputation and goodwill or that of

2    its ORACLE marks.  Oracle has been and will continue to be irreparably harmed.  No amount

3    of money damages can adequately compensate Oracle if it loses the ability to control the use of the

4    ORACLE marks and its reputation and associated goodwill is damaged through the false and

5    unauthorized use of its marks.

6        99.    Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to

7    recover reasonable attorneys' fees, and compensatory and punitive damages.

8                      **EIGHTH CLAIM FOR RELIEF**
                      **BREACH OF SETTLEMENT AGREEMENT UNDER CALIFORNIA LAW**
9

10       100.    Oracle incorporates by reference the allegations in paragraphs 1 through 99 above,

11   as though they were fully set forth in this Claim.

12       101.    ██████████████████████████████████████

13   ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████

15   ████████████████████████████████

16       102.    Defendants have violated and are violating the settlement agreement by the conduct

17   alleged in this Complaint.

18       103.    As a result of Defendants' breach of the settlement agreement, Oracle has suffered and

19   continues to suffer damages, including damages flowing from Defendants' ongoing infringement and

20   dilution of Oracle's marks.

21       104.    Oracle is entitled to damages caused by Defendants' breach ████████████████

22   ████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ████████

25                      **NINTH CLAIM FOR RELIEF**
                      **CIVIL CONTEMPT OF THIS COURT'S INJUNCTION**
26

27       105.    Oracle incorporates by reference the allegations in paragraphs 1 through 104 above,

28   as though they were fully set forth in this Claim.

COMPLAINT                                                                    - 27 -

106.     Defendants' conduct as alleged in this Complaint constitutes a violation of this Court's permanent injunction entered in Case No. 3:19-cv-04900-JCS on February 19, 2020.  Defendants are therefore liable for civil contempt of that injunction.

107.     As a consequence of Defendants' actions, sanctions should be imposed against Defendants to coerce obedience of the Court's injunction and/or to compensate Oracle for damages resulting from Defendants' contemptuous behavior.  Pursuant to 15 U.S.C. § 1117(a), Oracle is entitled to an award of damages it has sustained or Defendants' profits based on a theory of unjust enrichment.  Oracle is further entitled to liquidated damages in an amount no less than $10,000 and its reasonable attorneys' fees and costs associated with this action and Case No. 3:19-cv-04900-JCS.  Because Defendants' violation of the Court's injunction has been willful and blatant, the sanctions and/or damages award should be multiplied.

## PRAYER FOR RELIEF

**WHEREFORE**, Oracle prays for judgment against Defendants as follows:

1.     Adjudge that Oracle's ORACLE marks have been infringed by Defendants in violation of Oracle's rights under common law, 15 U.S.C. § 1114, and/or California law;

2.     Adjudge that Defendants have competed unfairly with Oracle in violation of Oracle's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.     Adjudge that Defendants' activities are likely to dilute and/or tarnish Oracle's famous ORACLE trademark in violation of Oracle's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.     Adjudge that Defendants have violated and continue to violate the Agreement;

5.     Adjudge that Defendants have violated and continue to violate the Injunction;

6.     Adjudge that Defendants are in civil contempt of this Court's order of February 19, 2020;

7.     Adjudge that Defendants, their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

COMPLAINT                                                                                                    - 28 -

1        a.      Producing, sourcing, importing, selling, offering, distributing, advertising, or

2  promoting any goods or services in connection with the CryptoOracle name (in any form) or in

3  connection with any other reproductions of Oracle's ORACLE marks, or any trademarks that are

4  substantially similar to the Oracle marks;

5        b.      Producing, sourcing, importing, selling, offering, distributing, advertising, or

6  promoting any goods or services in connection any words or symbols that so resemble Oracle's

7  ORACLE marks as to be likely to cause confusion, mistake, or deception, on or in connection with

8  any good or service that is not authorized by or for Oracle, including, without limitation, any good or

9  service that is offered under the CryptoOracle name (in any form) which is the subject of this

10  Complaint and for which Defendants are responsible, or any other approximation of the ORACLE

11  marks;

12        c.      Using any word, term, name, symbol, device, or combination thereof that

13  causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of

14  Defendants or their goods or services with Oracle, or as to the origin of Defendants' goods or services,

15  or any false designation of origin, false or misleading description or representation of fact, or any false

16  or misleading advertising;

17        d.      Further infringing the rights of Oracle in and to any of its trademarks or

18  otherwise damaging Oracle's goodwill or business reputation;

19        e.      Further diluting the ORACLE trademark;

20        f.      Otherwise competing unfairly with Oracle in any manner;

21        g.      Further violating the Agreement;

22        h.      Further violating the Injunction; and

23        i.      Continuing to perform in any manner whatsoever any of the other acts

24  complained of in this Complaint;

25      8.      Adjudge that Defendants and any officers, affiliate companies, agents, servants,

26  employees, successors, licensees, and assigns, and all others in concert and privity with them are

27  enjoined during the pendency of this action, and permanently thereafter, from using "Oracle" in any

28  manner, including the names CryptoOracle and CryptoOracle Collective (in any form), the domain

name www.cryptooracle.io, and any other marks, names, and domain names that are confusingly or substantially similar to or contain the ORACLE marks;

9.     Adjudge that Defendants be ordered to recall and destroy all written and electronic material, including but not limited to packages, labels, advertising and promotional material, and related items which use CryptoOracle or any other name, trademark, or service mark which is likely to be confused with or that dilutes the distinctive quality of the ORACLE marks;

10.     Adjudge that Defendants be ordered to take down the website at www.cryptooracle.io and any other website or social media pages or accounts that use the name CryptoOracle or CryptoOracle Collective (in any form), and/or any other name that is confusingly or substantially similar to the ORACLE marks, and transfer ownership of the domain name www.cryptooracle.io to Plaintiff Oracle Corporation;

11.     Adjudge that Defendants be required immediately to supply Oracle's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised, or promoted, goods or services under the names CryptoOracle and/or CryptoOracle Collective (in any form), as alleged in this Complaint;

12.     That Defendants, within thirty (30) days after having been served with judgment, with notice of entry upon it, be required to file with this Court and to serve upon Oracle, a written report, under oath, setting forth in detail, the manner in which Defendants has complied with this Court's order;

13.     Adjudge that Oracle recover from Defendants statutory damages for Defendants' registration, trafficking, and/or use of a domain name that reproduces Oracle's federally registered trademarks and that Oracle recover its damages and lost profits from Defendants, as well as Defendants' profits, in an amount to be proven at trial, as well as punitive damages under California law;

14.     Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Oracle be awarded (1) Defendants' profits and (2) all damages sustained by Oracle, under 15 U.S.C. § 1117, plus prejudgment interest;

15.     Adjudge that the amounts awarded to Oracle pursuant to 15 U.S.C. § 1117 shall be trebled;

16.     Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities;

17.     Adjudge that Oracle be awarded its costs and disbursements incurred in connection with this action and Case No. 3:19-cv-04900-JCS, including Oracle's reasonable attorneys' fees; and

18.     Adjudge that all such other relief be awarded to Oracle as this Court deems just and proper.


Dated:  November 25, 2024                    Respectfully submitted,

                                             KILPATRICK TOWNSEND & STOCKTON LLP


                                             By: */s/ Mehrnaz Boroumand Smith*
                                                  Mehrnaz Boroumand Smith

                                             Attorneys for Plaintiffs
                                             ORACLE CORPORATION and
                                             ORACLE INTERNATIONAL CORPORATION

1

## **JURY DEMAND**

2
Plaintiffs hereby demand that this action be tried to a jury.

3

4
Dated:  November 25, 2024                    Respectfully submitted,

5
KILPATRICK TOWNSEND & STOCKTON LLP

6

7
By: */s/ Mehrnaz Boroumand Smith*
        Mehrnaz Boroumand Smith

8
Attorneys for Plaintiffs
9
ORACLE CORPORATION and
ORACLE INTERNATIONAL CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28