UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO ORACLE, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-08438-KAW<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 2 |

On November 25, 2024, Plaintiffs Oracle Corporation and Oracle International Corporation filed the instant action against Defendants Crypto Oracle, LLC, Crypto Oracle AL 1, LLC, Cryptooracle Collective DAO LLC, and Louis Kerner. (Compl., Dkt. No. 1.) Plaintiffs also moved to file portions of the complaint under seal. (Mot. to Seal, Dkt. No. 2.)

The Court DENIES the motion to file under seal without prejudice because the motion to file under seal appears overbroad. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted). The burden is therefore on the party seeking to seal a judicial record to "overcom[e] this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a

1　　vehicle for improper purposes, such as the use of records to gratify private spite, promote public

2　　scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

3　　　　Here, Plaintiffs seek to seal portions of the complaint that quote, refer to, or describe a

4　　settlement agreement between the parties. (Mot. to Seal at 1.) Although Plaintiffs rely on the

5　　lower "good cause" standard, "[t]his Court and other district courts in the Ninth Circuit have

6　　applied the compelling reasons standard to a motion to seal involving the filing of a complaint

7　　because a complaint is the foundation of a lawsuit." *Ponomarenko v. Shapiro*, Case No. 16-cv-

8　　2763-BLF, 2017 U.S. Dist. LEXIS 133560, at *7 (N.D. Cal. Aug. 21, 2017); *see also In re Google

9　　Inc. Gmail Litig.*, Case No. 13-md-2430-LHK, 2013 U.S. Dist. LEXIS 138910, at *11 (N.D. Cal.

10　　Sept. 25, 2013).

11　　　　While Plaintiffs assert that the settlement agreement provides that its terms and conditions

12　　are confidential, this does not satisfy the compelling reasons requirement. "[A]n agreement

13　　among parties to keep a document confidential does not establish a compelling reason to seal."

14　　*Ponomarenko*, 2017 U.S. Dist. LEXIS 133560, at *10; *see also* Civ. L. R. 79-5(d)(1)(A)

15　　("Reference to a stipulation . . . that allows a party to designate certain documents as confidential

16　　is not sufficient to establish that a document, or portions thereof, are sealable."); *see also Ripple

17　　Servs., Inc. v. Betur Inc.*, No. 23-cv-06215-LJC, 2024 U.S. Dist. LEXIS 18040, at *3 (N.D. Cal.

18　　Feb. 1, 2024) ("The mere fact that the parties' settlement agreement may contain a confidentiality

19　　provision, without more, does not constitute a compelling reason to seal the information."); *E. W.

20　　Bank v. Shanker*, No. 20-cv-07364-WHO, 2020 U.S. Dist. LEXIS 221613, at *1-2 (N.D. Cal. Nov.

21　　25, 2020) (finding that the parties' agreement to keep a settlement agreement confidential

22　　"insufficient to meet either the good cause or compelling interest standards for sealing"); *Select

23　　Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 U.S. Dist. LEXIS 60907, at *8-9 (N.D.

24　　Cal. Apr. 29, 2013) ("That they agreed among themselves to keep the settlement details private,

25　　without more, is no reason to shield the information from other non-settling parties to the case or

26　　the public at large."). For that reason, the Court DENIES the motion to file under seal without

27　　prejudice.

28　　　　Plaintiffs have chosen to file this lawsuit for breach of the settlement agreement, thus

1 putting the subject matter of the settlement agreement at issue.  *See Ponomarenko v. Shapiro*, Case No. 16-cv-2763-BLF, Case No. 16-cv-2763-BLF, 2017 U.S. Dist. LEXIS 146877, at *6 (N.D. Cal. Sept. 11, 2017).  Any renewed motion to file under seal should be narrowly tailored, and Plaintiffs must demonstrate that there are compelling reasons to seal the information with specific factual findings, *i.e.* that the portions to be sealed contain trade secrets or competitively sensitive business information.

Plaintiffs' renewed motion is due within **fourteen days** of the date of this order.

IT IS SO ORDERED.

Dated: January 6, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3