KILPATRICK TOWNSEND & STOCKTON LLP
Mehrnaz Boroumand Smith (State Bar No. 197271)
Gia L. Cincone (State Bar No. 141668)
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300
Email: mboroumand@ktslaw.com
            gcincone@ktslaw.com

Attorneys for Plaintiffs
ORACLE CORPORATION and
ORACLE INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO ORACLE, LLC, a Delaware limited liability company; CRYPTO ORACLE AL 1, LLC, a Delaware limited liability company; CRYPTOORACLE COLLECTIVE DAO LLC, a Marshall Islands limited liability company; LOUIS KERNER, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No. 3:24-cv-08438<br><br>**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT PURSUANT TO CIV. L.R. 16-9(A)**<br><br>Conference Date:  August 6, 2025<br>Conference Time:  2:00 p.m.<br><br>Complaint Filed:  November 25, 2024 |

Plaintiffs Oracle Corporation and Oracle International Corporation ("Oracle" or "Plaintiffs") submit this Separate Case Management Statement in accordance with the Court's May 21, 2025 order setting a Further Case Management Conference on August 6, 2025. All defendants have been served, but none have responded to the Complaint or otherwise entered an appearance in this action. Plaintiffs separately submit this case management statement.

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT PURSUANT TO CIV. L.R. 16-9(A)   - 1 -

## I. JURISDICTION AND SERVICE

This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d) et seq., and related claims under California statutory and common law including breach of settlement agreement and civil contempt. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the state law issues pursuant to 28 U.S.C. § 1367.

No party has raised any issue of personal jurisdiction or venue. Personal jurisdiction is proper over Defendants because they do business in this judicial district and are directing infringing conduct into this judicial district.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.

## II. FACTS

This case arises from Defendants' infringing uses of Plaintiffs' famous ORACLE® marks, in particular their use of the name CRYPTOORACLE in connection with goods and services highly related to Oracle's. A prior lawsuit in 2019 before this Court involving virtually identical conduct ended in a settlement agreement and Court-ordered injunction, requiring that Defendants stop all use of ORACLE (in "CryptoOracle" and otherwise) and remove all content from their website located at www.cryptooracle.io. This renewed lawsuit is necessary because the defendants in the prior lawsuit, Crypto Oracle, LLC and Mr. Kerner, as well as two affiliated entities formed after the conclusion of the prior lawsuit, have not only resumed their violation of Oracle's trademark rights, but are also egregiously and flagrantly violating both the settlement agreement and the Court's injunction.

Oracle designs, develops, markets and supports computer software products with a wide breadth of uses, including database management, applications, development tools, computer-aided systems engineering, decision support, computer network communications, end user applications and office automation. Oracle offers its variety of technology products and services under its famous ORACLE mark and large family of ORACLE-formative marks.

For more than forty years, Oracle has continuously used the ORACLE mark in interstate commerce for its goods and services, and spent millions of marketing dollars across a variety of media, including but not limited to television, print, billboards, tradeshows, and the Internet. As a result of its continuous and substantial effort and expense, and due to the quality of its goods and services, Oracle enjoys the goodwill and reputation as one of the best-known and most innovative technology companies in the world.

Long after the ORACLE mark became famous, Defendants adopted the confusingly similar CRYPTOORACLE trademark as a business name and brand to advertise, market, offer and sell services that are identical to or closely related to the goods and services that Oracle offers and has offered under the ORACLE marks. Defendants also incorporated Oracle's ORACLE mark in the domain name www.cryptooracle.io, which is also likely to cause or fuel confusion among consumers. Despite the existence of a settlement agreement and Court injunction requiring Defendants to cease use of ORACLE, Defendants resumed their use of the confusingly similar CRYPTOORACLE trademark.

All defendants have been served but have not responded to the Complaint or otherwise appeared in this action.

### III.    LEGAL ISSUES

At this early stage, Oracle anticipates the key legal issues will be the following:

1. Whether Defendants have infringed upon Oracle's ORACLE® marks pursuant to 15 U.S.C. §§ 1114 *et. seq.*
2. Whether Defendants have infringed the ORACLE® marks willfully.
3. Whether Defendants' conduct constitutes false designation of origin and false description under 15 U.S.C. § 1125(a); Lanham Act § 43(a).
4. Whether Defendants' conduct constitutes trademark dilution of a famous mark pursuant to 15 U.S.C. § 1125(c) and the Lanham Act § 43(c).
5. Whether Defendants' conduct constitutes trademark infringement and dilution under Cal. Bus. & Prof. Code §§ 14245, 14247, 14250.

6. Whether Defendants' conduct constitutes unlawful, unfair, and fraudulent or deceptive business practices in violation of California Business & Professional Code § 17200.

7. Whether Oracle is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

8. Whether Oracle is entitled to recover Defendants' unlawful profits and Oracle's damages under 15 U.S.C. § 1117(a).

9. Whether Defendants' violation of Oracle's rights in the ORACLE® marks constitutes an exceptional case, entitling Oracle to treble the damages and Kerner's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

10. Whether Defendants' conduct violates the 2020 settlement agreement between the parties.

11. Whether Defendants' conduct violates the Final Judgment and Permanent Injunction entered in February 2020 in the prior lawsuit between the parties, *Oracle Corporation et al. v. Crypto Oracle, LLC et al.*, 3:19-cv-04900-JCS.

12. Whether Oracle is entitled to liquidated damages under the settlement agreement and/or the Final Judgment and Permanent Injunction in *Oracle Corporation et al. v. Crypto Oracle, LLC et al.*, 3:19-cv-04900-JCS.

### IV. MOTIONS

Oracle anticipates filing a motion for an updated consent judgment and injunction or a motion for default judgment.

### V. AMENDMENT OF PLEADINGS

Oracle does not anticipate amending the pleadings, but reserves the right to add to and/or to supplement the operative pleading as facts and issues become clear during discovery.

### VI. EVIDENCE PRESERVATION

Oracle certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

### VII. DISCLOSURES

Oracle notes that no defendant has responded to the Complaint or otherwise appeared in this action. In the event that any defendant enters an appearance, Oracle intends to serve initial

disclosures promptly and proceed with discovery.

**VIII.   DISCOVERY**

No discovery has taken place to date, as no defendants have appeared or otherwise answered the Complaint. In the event that any defendant enters an appearance, Oracle intends to serve initial disclosures promptly and proceed with discovery directed to defendants and/or third parties. Oracle anticipates that eight months of discovery would be adequate.

**IX.   CLASS ACTIONS**

This litigation is not a class action matter.

**X.   RELATED CASES**

This litigation arises out of and is related to *Oracle Corporation et al. v. Crypto Oracle, LLC et al.,* Case No. 3:19-cv-04900-JCS.

**XI.   RELIEF**

Without limitation, and as a summary of the prayer for relief set forth in the Complaint, Oracle seeks injunctive relief against Defendants' misuse of Oracle's trademarks and intellectual property, and preventing Defendants from continuing to compete unfairly with Oracle. Oracle seeks damages in amounts to be proven at trial, and specifically reserves the right to seek statutory damages where appropriate. Oracle also seeks sanctions, liquidated damages, and its attorneys' fees and costs.

**XII.   SETTLEMENT AND ADR**

An attorney representing defendant Louis Kerner has reached out to engage Oracle in settlement negotiations. Oracle is continuing to work with Mr. Kerner and appears to be close to achieving a global resolution of this dispute. Since the initial CMC on May 21, 2025, Oracle has continued to make progress on this front and hopes to have a further update to the Court by the further CMC next week.

To the extent the case proceeds, Oracle believes that early ADR would be beneficial and productive.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Oracle consents to the jurisdiction of a magistrate judge to conduct all further proceedings including trial and entry of judgment.

### XIV. OTHER REFERENCES

N/A

### XV. NARROWING OF ISSUES

Oracle cannot, at this time, determine whether there are any dispositive or partially dispositive issues for decision by motion or agreement.

### XVI. SCHEDULING

In the event that any defendant enters an appearance and the case proceeds, Oracle proposes the following case schedule:

| Proposed Event | Oracle's Proposed Dates |
|---|---|
| Fact Discovery Cut-Off | November 17, 2025 |
| Expert Disclosures | December 17, 2025 |
| Expert Rebuttal | January 16, 2026 |
| Expert Discovery Cut-Off | February 13, 2026 |
| Deadline to File Dispositive Motions | March 9, 2026 |
| Trial | June 15, 2026 |

### XVII. TRIAL

Plaintiffs request a jury trial and expects trial to last 3 court days.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Oracle filed its certificate of interested entities or persons on February 14, 2025.

### XIX. PROFESSIONAL CONDUCT

All attorneys of record for Oracle have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XX. OTHER

Except as set forth above, Oracle does not have other pending matters to discuss with the Court.

Dated: July 30, 2025

Respectfully submitted,
KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Mehrnaz Boroumand Smith*
      Mehrnaz Boroumand Smith

Attorneys for Plaintiffs
ORACLE CORPORATION and
ORACLE INTERNATIONAL CORPORATION

# CERTIFICATE OF SERVICE

I, Stephanie DM Pearson, declare that I am employed in the City and County of San Francisco, California, in the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, California 94111. On July 30, 2025, I served the document entitled:

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT PURSUANT TO CIV. L.R. 16-9(A)**

on the interested parties in this action, as follows:

| | |
|---|---|
| VIA FIRST CLASS MAIL<br><br>Louis Kerner<br>136 Cheyenne Way<br>Wayne, New Jersey<br><br>*Defendant Louis Kerner* | VIA FIRST CLASS MAIL<br><br>VCorp Services, LLC, Registered Agent<br>108 W 13th St Ste 100<br>Wilmington, DE 19801<br><br>*Agent for Crypto Oracle LLC* |
| VIA FIRST CLASS MAIL<br><br>Resident Agents Inc.<br>8 The Grn Ste R<br>Dover, DE 19901<br><br>*Agent for Crypto Oracle AL 1, LLC* | VIA FIRST CLASS MAIL<br><br>MIDAO of the Republic of the Marshall Islands<br>P.O. Box 3621<br>Majuro, Republic of the Marshall Islands 96960<br><br>*Agent for CryptoOracle Collective DAO LLC* |

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service, where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the parties listed above from email address sdmpearson@kilpatricktownsend.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 30, 2025, at San Francisco, California.

*/s/ Stephanie DM Pearson*
Stephanie DM Pearson